XING CHU CHEN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–4287–ag.

United States Court of Appeals, Second Circuit.

March 23, 2007.

Oleh R. Tustaniwsky, Hualian Law Offices, New York, NY, for Petitioner.

Donald W. Washington, United States Attorney for the Western District of Louisiana, Robert A. Thrall, Assistant United States Attorney, Shreveport, LA, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK and Hon. SONIA SOTOMAYOR, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Xing Chu Chen, a native and citizen of China, seeks review of an August 18, 2006 order of the BIA affirming the March 23, 2005 decision of Immigration Judge("IJ") Patricia A. Rohan denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Xing Chu Chen,* No. A96 162 530 (B.I.A. Aug. 18, 2006), *aff'g* No. A96 162 530 (Immig. Ct. N.Y. City Mar. 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

▮ Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews factual findings, including adverse credibility determinations, under the substantial evidence standard, treating

them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Here, the IJ's adverse credibility finding was supported by substantial evidence. Chen admitted that he submitted three false documents in support of his asylum claim. Since Chen's claim centered around the arrest and detention he allegedly experienced in China, the fraudulent detention certificate he submitted was relevant to his claims. Although, as the government concedes, the marriage certificate and sterilization certificate related to ancillary issues in Chen's claim, the IJ did not act unreasonably in considering them as part of her assessment of Chen's overall credibility. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). As the submission of fraudulent documents in support of an asylum claim can severely undermine the applicant's credibility, the IJ acted reasonably in questioning the authenticity of Chen's other documents and the credibility of his testimony based on his willingness to submit three admittedly fraudulent documents in support of his asylum claim. *See, e.g., Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 157–58 (2d Cir.2006); *Rui Ying Lin v. Gonzales,* 445 F.3d 127, 133 (2d Cir.2006).

■ Chen argues that the IJ erred in basing the adverse credibility determination on his submission of fraudulent documents because there was no evidence that Chen knew they were fraudulent at the time of their submission. However, in this case, the IJ reasonably rejected Chen's repeated assertion that he was unaware of the fraudulent nature of the documents he submitted. The IJ need not credit an applicant's explanations unless those explanations would compel a reasonable factfinder to do so. *See, e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Chen testified that his attorneys in California created the fraudulent marriage and detention certificates without his knowledge. However, the marriage certificate contained photographs of both Chen and his girlfriend in China, and Chen testified that his attorney instructed him to obtain the photographs. Based on Chen's admission that he obtained the photographs, the IJ acted reasonably in rejecting Chen's explanation that he was ignorant about their purpose. Although Chen also blamed the fraudulent detention certificate on his attorney in California, Chen resubmitted that document through his attorney in New York. A reasonable fact-finder would therefore not have been compelled to accept Chen's explanation for his submission of these fraudulent documents. In light of the IJ's reasonable conclusions regarding the detention and marriage certificates, the IJ also acted reasonably in rejecting Chen's explanation that he was unaware of the fraudulent nature of the sterilization certificate he submitted.

■ The IJ also acted reasonably in basing her adverse credibility finding on Chen's inconsistent testimony regarding his involvement in his church in the United States. At the hearing, Chen testified that he became involved with the Fujianese Church of Grace in July 2004, yet when confronted with a letter from the church, which stated that Chen became a member of the church in August 2003, Chen

changed his answer, testifying that he misunderstood the initial question. A reasonable fact-finder would not have been compelled to accept this explanation. *See id.* Because Chen's faith is an issue that is directly relevant to his claim for asylum, the IJ did not err in basing the adverse credibility finding, in part, on this inconsistency.

■ This Court may review only those categories for relief that an applicant raises before the BIA. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 118, 2006 U.S.App. LEXIS 32334, at *35 (2d Cir. Jan. 17, 2007), *amending* 461 F.3d 101, 104 (2d Cir.2006). In his brief to the BIA, Chen argued only that he was eligible for asylum; he did not make any arguments regarding his withholding of removal or CAT claims. Accordingly, these claims are not exhausted and we dismiss them for lack of jurisdiction. 8 U.S.C. § 1252(d)(1); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED for lack of jurisdiction in part. Having completed our review, the motion for a stay of removal is DISMISSED as moot.